UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RUDY MARTIN, <br>     Plaintiff, <br> v. <br> WELLS FARGO BANK, N.A., <br>     Defendant. | Case No. 5:18-cv-05119-EJD <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** <br><br> Re: Dkt. No. 38 |

Pro se plaintiff Rudy Martin ("Plaintiff") filed this action against defendants Wells Fargo Bank, N.A. ("Defendant") and Does 1-20 in the Monterey County Superior Court. Dkt. No. 1, Ex. A. Defendant removed the action to federal court asserting diversity jurisdiction and moved to dismiss the claims on several grounds. Plaintiff opposed the motion and filed a motion to remand.

On November 12, 2018, Magistrate Judge DeMarchi issued an "Order For Reassignment; Report And Recommendation Denying Motion To Remand And Granting Motion To Dismiss With Leave To Amend" ("Report and Recommendation"). Dkt. No. 38. On December 19, 2018, Plaintiff filed an opposition to the Report and Recommendation.

The court is required to conduct a *de novo* review pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b) and Civil Local Rule 72-3. Plaintiff raises three objections to the Report and Recommendation. First, Plaintiff objects to dismissal of the breach of fiduciary claim without leave to amend, asserting that this cause of action is not based upon Plaintiff's mortgage agreement, but instead on "subsequent agreements between the parties." Dkt. No. 41, p. 2. Plaintiff's argument misses the point. Magistrate Judge DeMarchi dismissed the breach of fiduciary duty claim because Plaintiff had not alleged any facts suggesting the existence of a duty

Case No.: 5:18-cv-05119-EJD
ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

1

or special relationship that would impose a fiduciary duty on Defendant. Report and Recommendation, p. 12. Plaintiff's complaint alleged facts indicating that the relationship between Plaintiff and Defendant involved lending money. A lender-borrower relationship is not a fiduciary relationship. *Wolf v. Wells Fargo Bank, N.A.*, No. C11-01337 WHA, 2011 WL 4831208, at *3 (N.D. Cal. Oct. 12, 2011); *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991). That the parties allegedly entered into subsequent agreements does not mean they were no longer in a lender-borrower relationship, much less suggest the existence of a duty or special relationship that would impose a fiduciary duty.

Second, Plaintiff objects to dismissal of the claims for declaratory relief and injunctive relief. Plaintiff "seeks to have this relief and be allowed to properly have these pled for the District Court now." *Id*. The Report and Recommendation does not foreclose Plaintiff from pleading declaratory and injunctive relief as remedies, if appropriate. The Report and Recommendation states in relevant part: "The Court recommends dismissing Mr. Martin's claim for injunctive relief without leave to amend; he may plead it as a remedy, if appropriate"; and "the Court also recommends dismissing his declaratory relief claim without leave to amend; he may plead it as a remedy, if appropriate." Report and Recommendation, pp. 15-16.

Third, Plaintiff objects to Magistrate Judge DeMarchi's finding of diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff, a California citizen, argues that Defendant is also a California citizen because the only Wells Fargo entity with which he had agreements was "the local bank headquartered in the San Francisco Bay Area in California, known as Wells Fargo Bank, Wells Fargo Bank, N.A. and Wells Fargo and Company." Plaintiff's Affidavit, p. 3 (Dkt. No. 42). Plaintiff's complaint, however, only names one defendant: Wells Fargo Bank, N.A. Complaint ¶ 2. The notice of removal indicates that Wells Fargo Bank, N.A. is a national banking association and has its main office in South Dakota. As such, Wells Fargo Bank, N.A. is a citizen of South Dakota. *See Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 709-15 (9th Cir. 2014). Magistrate Judge DeMarchi correctly concluded that diversity jurisdiction exists because the parties named in Plaintiff's complaint at the time of removal are citizens of different States. 28

Case No.: 5:18-cv-05119-EJD
ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE
2

U.S.C. § 1441.

Having conducted a *de novo* review, the court concurs and adopts in its entirety Magistrate Judge DeMarchi's Report and Recommendation and orders as follows:

1. Plaintiff's motion to remand is DENIED.

2. Defendant's motion to dismiss for failure to join an indispensable party is DENIED without prejudice.

3. Defendant's motion to dismiss is GRANTED with leave to amend as to claims 3 (breach of contract), 5 (breach of implied covenant), 6 (quiet title), 7 (fraudulent inducement), 8 (promise without intent to perform), and 9 (fraud/deceit).

4. Defendant's motion to dismiss is GRANTED as to claims 1 (injunctive relief), 2 (declaratory relief), and 4 (breach of fiduciary duty); and Defendant's request for judicial notice is DENIED as moot. The deficiencies in claims 1, 2 and 4 cannot be cured by amendment. Accordingly, dismissal of claims 1, 2 and 4 is without leave to amend. *See Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). Plaintiff may plead injunctive and declaratory relief as remedies, if appropriate.

5. Any amended pleading must address the deficiencies noted in the Report and Recommendation and must be filed no later than January 24, 2019.

**IT IS SO ORDERED.**

Dated: January 3, 2019

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-05119-EJD
ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE
3