UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RUDY MARTIN,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 18-cv-05119-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF; VACATING JUDGMENT**<br><br>Re: Dkt. No. 49 |

Pro se Plaintiff Rudy Martin ("Plaintiff") presently moves under Federal Rule of Civil Procedure 60(b) for an order relieving him from the dismissal entered after he failed to amend his pleading within the time allowed by the court. See Dkt. No. 49. Defendant Wells Fargo Bank, N.A. ("Defendant") opposes the motion, Dkt. No. 53, and Plaintiff has submitted a reply to Defendant's opposition, Dkt. No. 54. Having reviewed this matter, the court finds it suitable for disposition without oral argument pursuant to Civil Local Rule 7–1(b). Thus, the hearing scheduled for July 11, 2019 is vacated, and Plaintiff's motion will be granted for the reasons explained below.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On January 3, 2019, the court issued an Order Adopting the Report and Recommendation of the Magistrate Judge which granted the Defendant's Motion to Dismiss ("Order"). See Dkt. No. 44. As part of the Order, the court granted Plaintiff leave to file an amended complaint as to claims 3 (breach of contract), 5 (breach of implied covenant), 6 (quiet title), 7 (fraudulent inducement), 8 (promise without intent to perform, and 9 (fraud/deceit), and required that the amended pleading be filed within 21 days of the date of the Order. Id. at 3.

Case No.: 18-cv-05119-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF
1

Plaintiff did not file an amended complaint by the filing deadline of January 24, 2019. In response to this default, the court issued an Order to Show Cause ("OSC") on February 1, 2019, advising Plaintiff that the case would be dismissed if Plaintiff failed to show good cause in writing by February 15, 2019. Dkt. No. 45. Plaintiff did not respond to the OSC by the deadline imposed, and accordingly the court issued an order of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b) on February 27, 2019, Dkt. No. 46, and entered judgment in favor of Defendant. Dkt. No. 47.

Plaintiff filed the instant motion on March 29, 2019. Dkt. No. 49. According to Plaintiff, he was unaware of the Order and the OSC because he did not receive notice of these orders nor did he have access to the court's e-Filing system until February 27, 2019. See Decl. Rudy Martin. Therefore, Plaintiff requests relief from the Order of Dismissal and Judgment so that he may file an amended complaint. See id.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) allows the court to "relieve a party or its legal representation from a final judgment, order, or proceeding" based on a showing of "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1). "The determination of what conduct constitutes 'excusable neglect' under Rule 60(b)(1) and similar rules 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" Brandt v. Am. Bankers Ins, Co., 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd., 507 U.S. 380, 395 (1993)). The district court is guided by four factors to determine whether a particular form of neglect is excusable: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." See Pioneer, 507 U.S. at 395; see also Kilata v. Wells Fargo Home Mortg., No. 5:11-cv-00079, 2012 WL 3309661 *1, *2 (N.D. Cal. August 13, 2012). "[T]he application of Rule 60(b)(1)'s excusable neglect standard is 'committed to the discretion of the district courts.'" Brandt, 653 F.3d at 1112 (quoting TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 695 (9th Cir. 2001)).

Case No.: 18-cv-05119-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF

2

United States District Court
Northern District of California

### III. DISCUSSION

Parties have an affirmative duty to "monitor the dockets to inform themselves of the entry of orders they may wish to appeal." In re Sweet Transfer & Storage, Inc, 896 F.2d 1189, 1193 (9th Cir. 1990). It is without doubt that the Plaintiff's failure to monitor the docket and file a timely amended pleading constitutes neglect in some form. See Pioneer, 507 U.S. at 394 ("Thus, at least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence."). The more debatable issue is whether the neglect is excusable.

#### A. PREJUDICE

Applying the Pioneer test, this Court first looks at the prejudice to the Defendant. Although reopening this action would result in some prejudice to the Defendant in the form of time and expenses associated with continued litigation, this is not necessarily a weighty consideration in the balance of factors. See Bateman v. United States Postal Serv., 231 F.3d 1220, 1224-25 (9th Cir. 2000) (finding minimal prejudice resulting from loss of a "quick victory"). Indeed, Defendant would have incurred these expenses even if Plaintiff had timely amended the complaint. Plaintiff has demonstrated that his failure to respond to the Order and OSC was due to lack of notice and his inability to access the ECF system. In light of this, he can find relief under Rule 60(b)(1).

#### B. LENGTH OF DELAY/REASON FOR DELAY

The length of delay and reason for delay are not egregious and provide further basis for relief. The Order of Dismissal was filed on February 27, 2019 and the instant motion was filed March 29, 2019. This is a little over a month of delay and well within one year of the entry of judgment or order as required by Rule 60(c)(1). Fed. R. Civ. P. 60(b)(1). Although Plaintiff does not provide a reason for the one-month delay in seeking relief, the court finds the delay was minimal.

Defendant states Plaintiff had access to ECF beginning on November 27, 2018, Dkt. No. 53 at 3. Defendant also argues that Plaintiff has failed to present new facts or claims to support a

Case No.: 18-cv-05119-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF
3

meritorious amended complaint. Id. at 4. In his reply brief, Plaintiff explains that the "November 27, 2018" date Defendant refers to is a typographical error and should have read "February 27, 2019," Dkt. 54 at 2. The court accepts Plaintiff's representation regarding the typographical error, and concludes that Plaintiff did not unduly delay seeking relief. Therefore, the length and lack of reason for delay weigh in favor of granting his motion.

### C. GOOD FAITH

Defendant assumes Plaintiff does not have any meritorious amendments and that he will rely on the claims that were dismissed because he did not attempt to amend his complaints in the Motion and Declaration, nor did he attach a proposed first amended complaint. Dkt. No. 53 at 4. Defendant relies on Cabasug v. Crane Co., No. 12-00313, 2014 WL 12887739, *7 (D. Haw. Feb. 7, 2014) to argue that Plaintiff should not be given a "do-over" to replead the same or similar claims. However, the Cabasug case is distinguishable. The plaintiff in Cabasug had opportunities to address shortcomings in an opposition, a hearing, and a motion for reconsideration. Id. Here, pro se Plaintiff did not know about the Order and the OSC until February 27, 2019 and did not have an opportunity to submit an amended complaint. Furthermore, Magistrate Judge DeMarchi recommended Plaintiff be granted leave to amend to provide more concrete and specific statements to support his breach of contract or breach of implied covenant claim, and his fraud claims. See Dkt. No. 38 at 12-14 (explaining plaintiff must provide the "who, what, when, where, and how of the misconduct" regarding his fraud claims and must "add additional facts showing that the [Defendant] acted fraudulently such that any agreements between the parties are void."). Therefore, Plaintiff appears to be acting in good faith, and should be given an opportunity to amend his complaint.

## IV. ORDER AND CONCLUSION

The Motion for Relief from the court's Order of February 27, 2019 is GRANTED and the Order and Judgment are VACATED.

Plaintiff shall file and serve a First Amended Complaint no later than July 9, 2019, in which Plaintiff must address the deficiencies noted in the Order. Dkt. No. 44. The court reminds

Case No.: 18-cv-05119-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF

4

Plaintiff that it is his responsibility to stay updated on the progress of his case and advises him to consult the ECF troubleshooting page at https://cand.uscourts.gov/ecf/troubleshooting if he encounters any further issues. Alternatively, Plaintiff should reach out to the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or (866) 638-7829.

**IT IS SO ORDERED.**

Dated: June 18, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 18-cv-05119-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF
5