UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RUDY MARTIN,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 5:18-cv-05119-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 57 |

    Pro se plaintiff Rudy Martin ("Plaintiff") filed this action against defendants Wells Fargo Bank, N.A. ("Wells Fargo N.A.") and Does 1-20 (collectively "Defendants") in the Monterey County Superior Court. Dkt. No. 1, Ex. A. Plaintiff is the alleged owner of a certain parcel of real property located in Pebble Beach, California and seeks to quiet title to the property. Wells Fargo N.A. has a mortgage recorded on the property.

    Wells Fargo N.A.[1] removed the action to federal court asserting diversity jurisdiction. In November of 2019, Magistrate Judge DeMarchi issued an "Order For Reassignment; Report And Recommendation Denying Motion To Remand And Granting Motion To Dismiss With Leave To Amend" ("Report and Recommendation"). Dkt. No. 38. The Court thereafter adopted the Report and Recommendation (Dkt. No. 44) and granted Plaintiff leave to amend certain claims. When Plaintiff failed to file an amended complaint by the filing deadline, the Court issued an Order to Show Cause. Dkt. No. 45. When Plaintiff failed to file a response to the Order to Show Cause,

---

[1] In the Notice of Removal, Wells Fargo N.A. represents that it is the successor by merger with Wells Fargo Bank Southwest, N.A., formerly know as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB. Dkt. No. 1.

Case No.: 5:18-cv-05119-EJD
ORDER GRANTING MOTION TO DISMISS

1

the Court dismissed the action and entered judgment. Dkt. No. 47. Plaintiff filed a motion for relief from the order and judgment, which the Court granted. Dkt. No. 55. Plaintiff filed a First Amended Complaint on July 9, 2019. Dkt. No. 56.

Presently pending before the Court is Wells Fargo N.A.'s motion to dismiss the First Amended Complaint ("FAC") without leave to amend.[2] Dkt. No. 57. When Plaintiff failed to file any response to the motion, the Court issued an Order to Show Cause. Dkt. No. 64. In response, Plaintiff filed an opposition brief and affidavit on December 31, 2019. Dkt. No. 65. The Court finds it appropriate to take the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Court will grant the motion to dismiss.

## I. BACKGROUND[3]

Plaintiff is the alleged owner of property located at 2967 Cormorant Road, Pebble Beach, California 93953 ("property"). FAC ¶¶ 1, 10. In 2006, Plaintiff entered into a mortgage agreement ("AGREEMENT") with a banking entity known as "Wells Fargo Bank" or "Wells Fargo & Company." *Id*. ¶¶ 2, 21, 22; Pl.'s Affidavit ¶ 1. In 2007, Plaintiff entered into a revised loan with Wells Fargo N.A. Def.'s Req. For Judicial Notice, Ex. A (Initial Interest Adjustable Rate Note). The 2007 revised loan essentially provided for interest only payments through May of

---

[2] Wells Fargo N.A.'s motion is accompanied by a Request for Judicial Notice of: (1) an Initial Interest Adjustable Rate Note dated April 25, 2007; (2) a Deed of Trust dated April 25, 2007 and recorded in the Official Records of the Monterey County Recorder's Office on May 31, 2007; and (3) a Notice of Default dated April 26, 2018 and recorded in the Official Records of the Monterey County Recorder's Office on April 27, 2018. Dkt. No. 58. The unopposed Request is granted. The Initial Interest Adjustable Rate Note dated April 25, 2007 is referred to in the First Amended Complaint and forms the basis of Plaintiff's causes of action. *Branch v. Tunnell*, 14 F.3d 499, 453-54 (9th Cir. 1994) (documents that are not attached to the complaint may be incorporated by reference if the plaintiff has referred to the document in the complaint or if the document forms the basis of the plaintiff's claims). The Deed of Trust dated April 25, 2007 and the Notice of Default dated April 26, 2018 are official public records. A court may take notice of public records, but not of disputed facts stated in public records. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). All three documents are also incorporated by reference into the First Amended Complaint.
[3] The Background is a summary of the allegations in the First Amended Complaint.

Case No.: 5:18-cv-05119-EJD
ORDER GRANTING MOTION TO DISMISS
2

2017, and for principal and interest payments thereafter until the maturity date of the loan. Req. For Judicial Notice, Ex. A. The 2007 revised loan was secured by a Deed of Trust. Req. For Judicial Notice, Ex. B. The Deed of Trust identifies Wells Fargo N.A. as the "Lender" and recites that the Deed of Trust "secures to the Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements." *Id*. The Deed of Trust also recites that "[f]or this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale" the property. *Id*.

In 2016, Plaintiff discovered that Wells Fargo N.A. had made unspecified "charges" on Plaintiff's account "that were not agreed upon nor covered under any agreement." *Id*. ¶ 6. Wells Fargo N.A. "acknowledged inappropriate charges had been made and would be corrected." *Id*. In October 2017, Plaintiff met with Wells Fargo N.A. and was informed that "more inappropriate charges were uncovered." *Id*. ¶ 7. Wells Fargo N.A. told Plaintiff that "no further late charges would be charged to Plaintiff's [account] and payments would not be charged until the appropriate payment amounts could be calculated." *Id*. ¶¶ 7, 12. Wells Fargo N.A. promised to provide a detailed list of errors that it had uncovered. *Id*. Wells Fargo N.A. also promised that this list, "along with details of the charges to be reconciled would be produced" to Plaintiff. *Id*. ¶ 7; *see also* ¶ 11 ("the local Wells Fargo N.A. employees stated they would insure the PLAINTIFF would not be charged anything, including not any late fees, while the investigation of all the inexplicable charges and increases in the monthly charges were fully explained . . . and were reconciled as to an appropriate monthly loan payment that PLAINTIFF would be charged."); ¶ 42 (Defendants promised that they "would reverse charges/fees made prior to December 2017 and not add charges/fees subsequent to December 2017."). Wells Fargo orally promised to review and research a list of erroneous charges/fees and to provide Plaintiff with a detailed analysis of the same. *Id*. ¶¶ 8, 42, 49. Wells Fargo N.A. also orally promised that it would not initiate foreclosure "during the reconciliation of the questioned charges/fees." *Id*. ¶¶ 42, 49. Despite the various alleged agreements, Wells Fargo N.A. never reconciled the errors and continued to assess charges. *Id*. ¶¶ 7-8, 10.

Case No.: 5:18-cv-05119-EJD
ORDER GRANTING MOTION TO DISMISS
3

Plaintiff made several attempts to resolve the allegedly improper charges to no avail. In April of 2016, Plaintiff spoke to an employee named Felicia Foo. *Id*. ¶ 11. In December of 2016, Plaintiff spoke to an employee named Mark. *Id.* In February of 2018, Plaintiff spoke to Wells Fargo N.A. representative Theresa Angela. *Id*. In March of 2018, Plaintiff communicated with Wells Fargo N.A. representative Olliesha Talton. *Id*. In April and May of 2018, Plaintiff communicated with Christi Hopper, Shante Rubi, and Aaron Burger. *Id*. Eventually, an unidentified Wells Fargo N.A. representative told Plaintiff that the charges were proper. *Id*. Wells Fargo N.A. is now seeking to take title to Plaintiff's property through foreclosure proceedings. *Id*. ¶¶ 10, 22.[4]

Based on the foregoing allegations, Plaintiff asserts causes of action for: (1) breach of contract; (2) breach of the implied covenant; (3) quiet title; (4) fraudulent inducement; (5) promise without intent to perform; (6) fraud and intentional deceit.

## II. STANDARDS

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may therefore be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). When deciding whether to grant a motion to dismiss, the court must accept as true all "well pleaded factual allegations" and determine whether the allegations "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). While a complaint need not contain detailed factual allegations,

---

[4] On April 26, 2018, Wells Fargo recorded a Notice of Default on the Pebble Beach property.

Case No.: 5:18-cv-05119-EJD
ORDER GRANTING MOTION TO DISMISS
4

it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Federal Rule of Civil Procedure 9(b) requires that allegations of fraud be stated with particularity. Specifically, averments of fraud must "be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). When an "entire claim within a complaint[ ] is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the . . . claim." *Id*. at 1107. A motion to dismiss a complaint under Rule 9(b) for failure to plead with particularity is "the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Id.*

Where a plaintiff appears pro se, as in this case, "the court must construe the pleadings liberally and must afford the plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The Court, however, "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor." *McKinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam)), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)) (en banc); *accord Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987).

### III. DISCUSSION

Wells Fargo contends that all six of the causes must be dismissed because they lack a factual or legal basis, and that the fraud claims fail to comply with Rule 9(b).

### A. Contract Claim

Plaintiff proffers multiple theories for a breach of contract claim: (1) Wells Fargo acknowledged inappropriate charges had been made and would be corrected (FAC ¶¶ 6-7); (2) Wells Fargo agreed, but failed to, hold off charging late fees, "increases," and loan payments until resolution of the amounts due (*id.* ¶¶ 8, 16, 22); (3) Wells Fargo charged Plaintiff more than what was agreed upon for the loan (*id.* ¶¶ 16, 22); (4) Wells Fargo orally promised, but failed, to review and research a list of erroneous charges/fees, and to provide Plaintiff with a detailed analysis of the same (i*d.* ¶¶ 8, 16, 42, 49); and (5) Wells Fargo orally promised that it would not initiate foreclosure until the charges were resolved (*id.* ¶¶ 22, 42, 49).

Like the allegations in the original Complaint, the First Amended Complaint refers to only two possible written agreements: the 2006 "AGREEMENT" and the 2007 revised loan. Like the original complaint, it is unclear which terms in those agreements were breached or how Wells Fargo N.A. breached those terms. The 2006 AGREEMENT is not in the court record, and the First Amended Complaint does not otherwise identify any of its terms, much less how Wells Fargo N.A. breached its terms. Instead, the First Amended Complaint includes allegations such as "Defendants have breached THE PARTIES['] agreements, including the agreements made subsequent to May 2006, contending PLAINTIFF owes DEFENDANTS more than what had been agreed upon in THE AGREEMENT." *Id.* ¶ 10. This allegation is too vague and conclusory to plausibly allege a claim for breach of the 2006 AGREEMENT.[5]

The First Amended Complaint also fails to plausibly allege a claim for breach of the 2007 revised loan. The 2007 revised loan, which is subject to judicial notice, does not contain any provisions governing most of the subjects at issue, i.e. researching and correcting erroneous charges and deferring late fees, payments and foreclosure. The 2007 revised loan includes

---

[5] Plaintiff appears to assert that "Wells Fargo Bank" or "Wells Fargo & Company" and not Defendant Wells Fargo N.A. was a party to the 2006 AGREEMENT. Pl.'s Opp'n 1-2. If that is Plaintiff's theory, then it is perplexing that Plaintiff chose to name Wells Fargo Bank, N.A. as the Defendant.

Case No.: 5:18-cv-05119-EJD
ORDER GRANTING MOTION TO DISMISS
6

provisions regarding the calculation of loan payments, fees, and charges; however, Plaintiff does not allege which terms in the 2007 revised loan have been breached or how Wells Fargo N.A. breached those terms.[6]

To the extent the contract claims are predicated on oral agreements, the contract claims fail as a matter of law. California Civil Code § 1624(a)(3) provides that any agreement pertaining to "the sale of real property, or of an interest therein" is invalid unless memorialized in writing and signed by the party to be charged. A mortgage or deed of trust is subject to the statute of frauds. Cal. Civ. Code § 2922 ("A mortgage can be created, renewed, or extended, only by writing, executed with the formalities required in the case of a grant of real property."). An agreement that modifies a contract already subject to the statute of frauds is likewise governed by the statute of frauds. Cal. Civ. Code § 1698(c). Case authority is clear that oral agreements such as those alluded to in the First Amended Complaint are unenforceable. *Granadino v. Wells Fargo Bank, N.A.*, 236 Cal. App. 4th 411, 415–16 (2015) (affirming trial court's finding that lender's alleged promise to postpone foreclosure sale was unenforceable absent a signed writing); *Secrest v. Sec. Nat'l Mortg. Loan Tr. 2002-2*, 167 Cal. App. 4th 544, 554 (2008) (finding that a forbearance agreement attempting to modify a note was subject to the statute of limitations); *Newgent v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 18476, *13 (S.D. Cal. 2010) ("California courts have held that forbearance agreements altering a mortgage are covered by the statute of frauds.").

### B. Breach of the Implied Covenant

The second cause of action is for breach of the implied covenant. Like the original complaint, the First Amended Complaint refers to alleged written and oral agreements entered into in May of 2006, two years later (2008), and again in 2017. FAC ¶ 26. Like the original complaint, the First Amended Complaint contains no facts to identify the agreements and the

---

[6] One again, Plaintiff appears to assert that "Wells Fargo Bank" or "Wells Fargo & Company" and not Defendant Wells Fargo N.A. was a party to the 2007 revised loan. Pl.'s Opp'n 1-2. The document, however, clearly identifies Wells Fargo N.A. as the lender. Req. For Judicial Notice, Ex. A.

Case No.: 5:18-cv-05119-EJD
ORDER GRANTING MOTION TO DISMISS
7

nature of the implied covenant. The First Amended Complaint also fails to state facts to explain how Wells Fargo N.A. breached the implied covenant. Instead, Plaintiff alleges that for, example, Defendants "unfairly undermined, disrupted and frustrated" Plaintiff from receiving the benefits of his contracts and agreement. FAC ¶ 27. These types of vague and conclusory allegations fail to plausibly allege a claim for breach of the implied covenant. *Spencer v. DHI Morg. Co., Ltd.*, 642 F. Supp. 2d 1153, 1165 (E.D. Cal. 2009).

### B. Quiet Title

Plaintiff seeks to quiet title as of May 2006. FAC ¶ 32. An action to quiet title may be brought to establish title against adverse claims to real property or any interest in real property. *Kelley v. Mortg. Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) (citing Cal. Code Civ. P. § 760.020). "A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the deed of trust.' " *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) (quoting *Kelley*, 642 F. Supp. 2d at 1057); *see also Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1206 (S.D. Cal. 2010) (dismissing quiet title cause of action for failure to allege tender).

The Court previously dismissed the quiet title claim because the allegations in the original complaint suggested that Plaintiff had not satisfied his obligation to make mortgage payments under the deed of trust. At the hearing before Judge DeMarchi, Plaintiff acknowledged that his title to the property was encumbered by his mortgage. The First Amended Complaint fails to cure this fundamental defect.

### C. Fraud Claims

Plaintiff's fourth, fifth and sixth causes of action concern fraudulent or deceitful conduct by Wells Fargo N.A. In his "fraudulent inducement" cause of action, Plaintiff alleges that Wells Fargo N.A. "induced [him] to enter into" written and oral agreements and made false representations that it would investigate, correct and reconcile "inexplicable charges," and that no further charges would be made. FAC ¶¶ 37-38. In the "promise without intent to perform" cause

Case No.: 5:18-cv-05119-EJD
ORDER GRANTING MOTION TO DISMISS

8

1 of action, Plaintiff alleges that Wells Fargo N.A. promised it would (1) reverse the unauthorized charges made on his account prior to December 2017 and not add charges and fees thereafter, (2) to review and research a list of erroneous charges/fees and to provide Plaintiff with a detailed analysis of the same and (3) to refrain from foreclosing on the property, but that Wells Fargo N.A. never had any intention of keeping these promises. *Id*. ¶¶ 42-43. Finally, in the "fraud and intentional deceit" cause of action, Plaintiff alleges that Wells Fargo N.A. falsely led him to believe that it would reverse disputed charges and would not require any payments or charge late fees until all disputed charges were researched and resolved. *Id.* ¶ 49.

The Court previously dismissed all of the fraud-based causes of action because the original complaint did not plead "the who, what, when, where, and how of the misconduct charged" as Rule 9 requires. *Vess*, 317 F.3d at 1106 (internal quotation marks omitted). The First Amended Complaint still lacks almost all of this required information. The First Amended Complaint identifies "the who" (Felicia Foo, Mark, Theresa Angela, Olliesha Talton, Christi Hopper, Shante Rubi, and Aaron Burg), but nothing else. The First Amended Complaint does not allege with particularity when, where and what was said or written to Plaintiff and by which of the various named individuals.

## IV. CONCLUSION

The motion to dismiss is GRANTED as follows:

1. Plaintiff may file amended claims for breach of contract and breach of the implied covenant based solely on the written 2007 loan agreement. The references to all other agreements, written and oral, are ordered stricken.

2. The claim for quiet title is dismissed without leave to amend.

3. The fraud claims are dismissed without leave to amend.

//
//
//

Case No.: 5:18-cv-05119-EJD
ORDER GRANTING MOTION TO DISMISS

9

Plaintiff shall file and serve a Second Amended Complaint consistent with the Order no later than January 28, 2020. Failure to do so may result in dismissal of the action without leave to amend.

**IT IS SO ORDERED.**

Dated: January 10, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-05119-EJD
ORDER GRANTING MOTION TO DISMISS
10