1

2

3

4

5              UNITED STATES DISTRICT COURT

6            NORTHERN DISTRICT OF CALIFORNIA

7                 SAN JOSE DIVISION

8

| | |
|---|---|
| RUDY MARTIN,<br><br>                    Plaintiff,<br><br>      v.<br><br>WELLS FARGO BANK, N.A.,<br><br>                    Defendant. | Case No.  5:18-cv-05119-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 73 |

14          Pro se plaintiff Rudy Martin ("Plaintiff") filed this action against defendants Wells Fargo

15   Bank, N.A. ("Wells Fargo N.A.") and Does 1-20 in the Monterey County Superior Court.  Dkt.

16   No. 1, Ex. A.  Plaintiff is the alleged owner of a certain parcel of real property located in Pebble

17   Beach, California and seeks to quiet title to the property.  Wells Fargo N.A. ("Defendant") has a

18   mortgage recorded on the property.  Presently before the Court is Defendant's motion to dismiss

19   the Second Amended Complaint ("SAC").  The Court finds it appropriate to take this matter under

20   submission for decision without oral argument pursuant to Civil Local Rule 7-1(b).  For the

21   reasons stated below, Defendant's motion to dismiss will be granted.

22   **I.      BACKGROUND**

23          **1.      Procedural History**

24          Defendant[1] removed the action to federal court asserting diversity jurisdiction.  In

25

26   _____

27   [1] In the Notice of Removal, Defendant represents that it is the successor by merger with Wells
     Fargo Bank Southwest, N.A., formerly know as Wachovia Mortgage, FSB, formerly known as
     World Savings Bank, FSB.  Dkt. No. 1.

28

United States District Court
Northern District of California

November of 2019, Magistrate Judge DeMarchi issued an "Order For Reassignment; Report And Recommendation Denying Motion To Remand And Granting Motion To Dismiss With Leave To Amend" ("Report and Recommendation").  Dkt. No. 38.  The Court adopted the Report and Recommendation (Dkt. No. 44) and granted Plaintiff leave to amend certain claims.  When Plaintiff failed to file an amended complaint by the filing deadline, the Court issued an Order to Show Cause.  Dkt. No. 45.  When Plaintiff failed to file a response to the Order to Show Cause, the Court dismissed the action and entered judgment.  Dkt. No. 47.  Plaintiff filed a motion for relief from the order and judgment, which the Court granted.  Dkt. No. 55.

Plaintiff filed a First Amended Complaint ("FAC") on July 9, 2019.  Dkt. No. 56. Defendant filed a motion to dismiss.  Dkt. Nos. 57, 60.  When Plaintiff failed to file any response to the motion, the Court issued an Order to Show Cause.  Dkt. No. 64.  In response, Plaintiff filed an opposition brief and affidavit on December 31, 2019.  Dkt. No. 65.  By order dated January 1, 2020, the Court granted the motion to dismiss the FAC.  Dkt. No. 70.  In doing so, the Court specified that:  Plaintiff may file amended claims for breach of contract and breach of the implied covenant based solely on the written 2007 loan agreement; the references to all other agreements, written and oral, are stricken; and the claims for quiet title and fraud are dismissed without leave to amend.  *Id*.  Plaintiff filed a Second Amended Complaint ("SAC") on February 21, 2020.  Dkt. No. 72.

### 2.    Second Amended Complaint[2]

Plaintiff is the alleged owner of property located at 2967 Cormorant Road, Pebble Beach, California 93953 ("property").  In 2006, Plaintiff entered into a mortgage agreement ("2006 Agreement") with a banking entity known as "Wells Fargo Bank" or "Wells Fargo & Co."  SAC ¶2 (Dkt. No. 72).  Contrary to Plaintiff's allegation, however, the 2006 Agreement, which is attached as Exhibit A to the SAC, identifies the lender as Defendant.  Dkt. No. 72-1 at 2 (" 'Lender' is Wells Fargo Bank, N.A.").

---

[2] The Background is a summary of the allegations in the SAC.

In 2007, Plaintiff entered into a revised loan with Defendant for $993,750 ("2007 Revised Loan"). SAC ¶ 2; *see also* Def.'s Req. For Judicial Notice ("RJN"), Ex. A (Initial Interest Adjustable Rate Note). The 2007 Revised Loan provided for an initial interest rate of 6.250% with interest only monthly payments of $5,175.78 through May of 2017, and for principal and interest payments thereafter until the maturity date of the loan. RJN, Ex. A. Beginning in May of 2017, the initial interest rate was adjustable up to 2% every year in accordance with paragraph 4 of the 2007 Revised Loan, but in no event would exceed 11.250% or fall below 2.750%. *Id*. The 2007 Revised Loan was secured by a Deed of Trust. RJN, Ex. B. The Deed of Trust identifies Defendant as the "Lender" and recited that the Deed of Trust "secures to the Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements." *Id*. The Deed of Trust also recites that "[f]or this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale" the property. *Id*.

In 2016, Plaintiff discovered that charges had been made to Plaintiff's account that were not agreed upon nor covered by the 2006 Agreement or the 2007 Revised Loan. Defendant acknowledged inappropriate charges had been made and would be corrected. Defendant told Plaintiff that he would not be charged for late payments and would not have to make mortgage payments until Defendant investigated further and calculated the appropriate payments. Defendant promised to provide a detailed list of errors that it had uncovered and a detailed explanation for the erroneous charges. Defendant also agreed to refrain from foreclosing on the property until the questionable charges and fees were reconciled. Defendant did not abide by these promises. Plaintiff made several attempts to resolve the allegedly improper charges to no avail. Plaintiff attempted to make loan payments, however, Defendant refused to accept any amount that differed from the amount Defendant calculated as due and owing. Defendant sought to take title to Plaintiff's property through foreclosure proceedings. *See* Notice of Trustee's Sale (Dkt. No. 82). As of May 18, 2020, however, there has been no foreclosure. Def.'s Reply at 5 (Dkt. No. 79).

1

      Based on the foregoing allegations, Plaintiff asserts causes of action for: (1) breach of

2

contract; (2) "implied-in-fact contract"; (3) breach of implied covenant; (4) "breach of implied

3

duty to perform with reasonable care"; (5) "inducing breach of contract"; (6) "intentional

4

interference in contractual relations"; (7) "intentional interference with prospective economic

5

relations"; (8) "negligent interference with prospective economic relations"; and (9) "reliance

6

damages (breach of contract)."

7

## II.      STANDARDS

8

      Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

9

specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which

10

it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

11

A complaint which falls short of the Rule 8(a) standard may therefore be dismissed if it fails to

12

state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule

13

12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts

14

to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097,

15

1104 (9th Cir. 2008).  When deciding whether to grant a motion to dismiss, the court must accept

16

as true all "well pleaded factual allegations" and determine whether the allegations "plausibly give

17

rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  The court must also

18

construe the alleged facts in the light most favorable to the plaintiff.  *Love v. United States*, 915

19

F.2d 1242, 1245 (9th Cir. 1989).  While a complaint need not contain detailed factual allegations,

20

it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

21

plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

22

544, 570 (2007)).

23

      Where a plaintiff appears pro se, as in this case, "the court must construe the pleadings

24

liberally and must afford the plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles*

25

*Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Balistreri v. Pacifica Police Dep't*, 901

26

F.2d 696, 699 (9th Cir. 1990).  The Court, however, "need not give a plaintiff the benefit of every

27

conceivable doubt" but "is required only to draw every reasonable or warranted factual inference

28

1    in the plaintiff's favor." *McKinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974).  "A pro se

2    litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the

3    deficiencies of the complaint could not be cured by amendment.'"  *Noll v. Carlson*, 809 F.2d

4    1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)

5    (per curiam)), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122

6    (9th Cir. 2000)) (en banc); *accord Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987).

7    **III.    DISCUSSION**

8            **A.    First Claim for Breach of Contract**

9          Plaintiff's breach of contract claim is based on the following collection of allegations.

10    Defendant failed to fulfill its contractual obligations "to provide accurate accounting of payments

11    made, payments due, basis for amounts due, provide accurately computed amounts due and allow

12    payments to be made that are accurately computed."  SAC ¶ 19.  Defendant breached the parties'

13    contract by rejecting mortgage payments that did not match Defendant's calculation of what was

14    due and owing.  *Id.* ¶ 20.  Defendant breached an agreement to "hold off charging late fees and

15    requiring payments until resolution of what were accurately calculated to be due and without

16    penalties."  *Id.*  ¶ 22.  Defendant committed fraud by charging Plaintiff more than was

17    contractually due.  *Id.*  Defendant breached written and oral agreements "in bad faith by not

18    abiding by the terms of [its] agreement to not change and charge PLAINTIFF for undue and not

19    agreed upon expenses. . . ."  *Id.*  Defendant breached the parties' agreements by making

20    unauthorized changes to the parties' agreement terms and requiring unauthorized additional fees.

21    *Id.* ¶ 30.

22          Plaintiff's breach of contract claim has not been materially amended from previous

23    versions and remains defective.  The SAC refers to only two possible written agreements:  the

24    2006 Agreement and the 2007 Revised Loan. The alleged promises recited above do not appear

25    anywhere in either of these agreements.  Although the 2006 Agreement and the 2007 Revised

26    Loan include provisions regarding the calculation of loan payments, fees and charge, Plaintiff does

27    not identify, much less rely on any of these provisions to support his breach of contract claim.

28    Case No.: 5:18-cv-05119-EJD
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT

United States District Court
Northern District of California

1    Plaintiff's claim for a breach of a written contract remains conclusory and fails as a matter of law.

2    *Frontier Contracting, Inc. v. Allen Engineering Contractor, Inc.*, No. 11-1590 LJO, 2012 WL

3    1601659, at \*4 (E.D. Cal. May 7, 2012) ("A written contract may be pleaded either by its terms-

4    set out verbatim in the complaint or a copy of the contract attached to the complaint and

5    incorporated therein by reference-or by its legal effect.  In order to plead a contract by its legal

6    effect, plaintiff must allege the substance of its relevant terms.")

7            To the extent Plaintiff is attempting to state a breach of contract claim based on promises

8    not stated in the 2006 Agreement or the 2007 Revised Loan, those oral promises do not support a

9    viable breach of contract claim.  California Civil Code § 1624(a)(3) provides that any agreement

10   pertaining to "the sale of real property, or of an interest therein" is invalid unless memorialized in

11   writing and signed by the party to be charged.  A mortgage or deed of trust is subject to the statute

12   of frauds. Cal. Civ. Code § 2922 ("A mortgage can be created, renewed, or extended, only by

13   writing, executed with the formalities required in the case of a grant of real property.").  An

14   agreement that modifies a contract already subject to the statute of frauds is likewise governed by

15   the statute of frauds.  Cal. Civ. Code § 1698(c).  Case authority is clear that oral agreements such

16   as those alleged in the SAC are unenforceable.  *Granadino v. Wells Fargo Bank, N.A.*, 236 Cal.

17   App. 4th 411, 415–16 (2015) (affirming trial court's finding that lender's alleged promise to

18   postpone foreclosure sale was unenforceable absent a signed writing); *Secrest v. Sec.  Nat'l Mortg.*

19   *Loan Tr. 2002-2*, 167 Cal. App. 4th 544, 554 (2008) (finding that a forbearance agreement

20   attempting to modify a note was subject to the statute of limitations); *Newgent v. Wells Fargo*

21   *Bank, N.A.*, 2010 U.S. Dist. LEXIS 18476, \*13 (S.D. Cal. 2010) ("California courts have held that

22   forbearance agreements altering a mortgage are covered by the statute of frauds.").

23           **B.    Third Claim for Breach of the Implied Covenant**

24           In support of the third claim for breach of the implied covenant, Plaintiff alleges that

25   Defendant added charges and made unjustified additions to the agreed upon payment terms,

26   refused to account for the changes, and refused to accept any payments from Plaintiff unless the

27   payments matched the amount Defendant specified was owing.  SAC ¶¶ 38-39.  Plaintiff also

28   Case No.: 5:18-cv-05119-EJD
     ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT
                                          6

United States District Court
Northern District of California

1    alleges that he was denied the benefit a contract because of "unreasonable changes and handling of

2    [Defendant's] responsibility to follow fair and appropriate management of [Defendant's] imposed

3    accounting and billing system." *Id.* ¶ 40.

4        "California law implies a covenant of good faith and fair dealing in every contract."

5    *Griffin v. Green Tree Servicing, LLC*, 166 F. Supp. 3d 1030, 1047 (C.D. Cal. 2015).  The implied

6    covenant of good faith and fair dealing "requires each contracting party to refrain from doing

7    anything to injure the right of the other to receive the benefits of the agreement." *Avidity*

8    *Partners, LLC v. State of Cal.*, 221 Cal. App. 4th 1180, 1204 (2013) (quoting  *Egan v. Mutual of*

9    *Omaha Ins. Co.*, 24 Cal.3d 809, 818 (1979)).  The covenant "rests upon the existence of some

10   specific contractual obligation" and "does not impose substantive terms and conditions beyond

11   those to which the parties actually agreed." *Id.*

12        This Court previously dismissed Plaintiff's breach of implied covenant claim because the

13   First Amended Complaint failed to identify a specific agreement upon which the claim rested,

14   failed to state the nature of the implied covenant and failed to explain how Defendant breached

15   that covenant. The amended breach of implied covenant claim remains legally deficient for the

16   same reasons.  The allegations in the SAC are deficient because they are not tied to any express

17   provision in either the 2006 Agreement or the 2007 Revised Loan.  *Carma Developers, Inc v.*

18   *Marathon Dev. Calif., Inc.*, 2 Cal.4th 342, 371-75 (1992) (stating that plaintiff must plead that the

19   defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract as

20   expressed); *Pasadena Live v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (2004) ("[t]he

21   implied covenant of good faith and fair dealing is limited to assuring compliance with the express

22   terms of the contract, and cannot be extended to create obligations not contemplated by the

23   contract"); *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1032

24   (1992) ("[The implied covenant is limited to assuring compliance with the express terms of the

25   contract, and cannot be extended to create obligations not contemplated in the contract.")  Further,

26   Plaintiff does not identify any specific, express contractual term in the 2006 Agreement or the

27   2007 Revised Loan that gives rise to the alleged implied duties.  Plaintiff's SAC also lacks any

28   Case No.: 5:18-cv-05119-EJD

United States District Court
Northern District of California

United States District Court
Northern District of California

facts to show that Defendant's alleged changes, charges, accounting, management, and refusal to accept payments were inconsistent with any term stated in the 2006 Agreement or the 2007 Revised Loan.  Plaintiff's conclusory allegations are unsupported by facts and insufficient to state a claim.  *Spencer v. DHI Morg. Co., Ltd.*, 642 F. Supp. 2d 1153, 1165 (E.D. Cal. 2009) (dismissing breach of implied covenant claim because the complaint referenced "oral and/or written agreements with all defendants" but failed to specify or detail such agreements and the complaint's conclusory allegations failed to support a contractual relationship upon which to base an alleged breach of the implied covenant of good faith and fair dealing).

### B.    New Claims

The SAC includes new claims entitled:  "implied-in-fact contract"; "breach of implied duty to perform with reasonable care"; "inducing breach of contract"; "intentional interference in contractual relations"; "intentional interference with prospective economic relations"; "negligent interference with prospective economic relations"; and "reliance damages (breach of contract)."  None of these new claims were authorized by the Court's order dismissing the First Amended Complaint with leave to amend.  On that basis alone, they are subject to dismissal.  Nevertheless, the Court has reviewed the substance of these claims to determine whether leave to amend should be granted.  Not one of the newly asserted claims is legally viable.

### 1.    Second Claim - "Implied-In-Fact Contract"

In the second claim, Plaintiff alleges that Defendant breached its promise to investigate a list of unexplained charges and to stop assessing penalties until the charges were explained and Plaintiff was provided with an accurate accounting.  SAC ¶¶ 33-35.  These alleged promises are not set forth in the 2006 Agreement or the 2007 Revised Loan.  If they are oral promises, they do not support a breach of contract claim.  As stated above, an agreement that modifies a contract already subject to the statute of frauds is likewise governed by the statute of frauds.  Cal. Civ. Code § 1698(c).  The alleged oral agreements to investigate and to stop assessing penalties would constitute modifications to the 2006 Agreement and the 2007 Revised Loan Agreement.  As such, they are subject to the statute of frauds.  Therefore, the alleged oral agreements are not

1   enforceable.  *Granadino*, 236 Cal. App. 4th at 415–16; *Secrest*, 167 Cal. App. 4th at 554;

2   *Newgent*, 2010 U.S. Dist. LEXIS 18476, at *13.

3                  **2.      Fourth Claim – "Breach of Implied Duty to Perform With Reasonable**
                           **Care"**
4

5          In the fourth claim, Plaintiff alleges that Defendant made "unjustified" charges to his

6   monthly home loan payments, refused to account for those charges, and refused to accept

7   Plaintiff's payments because the payments did not match what Defendant calculated was due and

8   owing.  SAC ¶¶ 44-46.  Plaintiff alleges that Defendant made it impossible for him to comply with

9   Defendant's "ever changing unpredictable required payment amounts."  *Id.*  Plaintiff further

10  alleges that Defendant was required, but failed, to provide accurate accounting of the payments he

11  made, the payments that were due and the basis for the amount due.  *Id.*

12         Like the first through third claims, the alleged duties in the fourth claim are not stated in

13  any written contract.  Therefore, the fourth claim is not cognizable as a breach of written contract

14  claim.  To the extent Plaintiff's fourth claim might be predicated on an oral agreement, it is subject

15  to the statute of frauds and fails as a matter of law.  *Granadino*, 236 Cal. App. 4th at 415–16;

16  *Secrest*, 167 Cal. App. 4th at 554; *Newgent*, 2010 U.S. Dist. LEXIS 18476, at *13.  If instead

17  Plaintiff is relying upon an implied covenant theory, the fourth claim still fails as a matter of law

18  because the claim is not tied to any provision in the 2006 Agreement or the 2007 Revised Loan.

19  *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th at 1032.  If Plaintiff is

20  attempting to proceed on a negligence theory, the fourth claim is still not cognizable.  "[A]s a

21  general rule, a financial institution owes no duty of care to a borrower when the institution's

22  involvement in the loan transaction does not exceed the scope of its conventional role as a mere

23  lender of money."  *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096

24  (1991).  Here, Defendant was acting in its conventional role as a lender of money.  Even assuming

25  for the sake of argument that Defendant owed Plaintiff a duty of care, Plaintiff fails to allege facts

26  to support a negligence theory.  Plaintiff's allegations of improper charges, failure to accept

27  payments and failure to provide accurate accounting are entirely conclusory.  *Grossi v. Bosco*

28  Case No.: 5:18-cv-05119-EJD
    ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT

United States District Court
Northern District of California

*Credit, LLC*, No. 16-3100 MEJ, 2017 WL 3453347, at *15 (N.D. Cal. Aug. 10, 2017) (dismissing negligence claim based on alleged improper addition of interest and other charges).

### 3.  Fifth Claim -"Inducing Breach Of Contract"

In the fifth claim, Plaintiff alleges that Defendant made false representations to induce him to enter written and oral agreements.  SAC ¶ 49.  This Court previously dismissed all of Plaintiff's fraud-based claims without leave to amend because they were not pled with particularity.  *See* Dkt. No. 70.  Plaintiff's attempt to reinsert fraud allegations under the guise of an "inducing breach of contract" claim is improper.

The remainder of the allegations set forth in the fifth claim relate to inappropriate charges and late fees, failure to investigate charges, and threatened foreclosure.  *Id*. ¶¶50-57.  These allegations fail as a matter of law for reasons already discussed above.

### 4.  Sixth Claim – "Intentional Interference In Contractual Relations"

In the sixth claim, Plaintiff alleges that Defendant made false representations and induced Plaintiff to enter into written and oral agreements.  SAC ¶ 59.  Plaintiff alleges that Defendant failed to fulfill its agreements (1) to reverse inexplicable charges and fees, (2) to provide a list of charges and fees in question, (3) to investigate said charges and fees, (4) to discontinue assessing charges and fees and (5) to refrain from placing the property in default or foreclose.  SAC ¶¶ 60-61.

The Court previously dismissed all of Plaintiff's fraud-based claims without leave to amend because they did not comply with Federal Rule of Civil Procedure 9.  The renewed allegation of false representations not only violates the Court's prior order, but it again fails to comply with Rule 9.  The remaining allegations set forth in the sixth claim fail as a matter of law for reasons already discussed above.

### 5.  Seventh and Eighth Claims - "Intentional" and "Negligent" Interference With Prospective Economic Relations"

In the seventh and eighth claim, Plaintiff alleges that he and RLS Agent Darren McClure "were in an economic relationship that likely would have resulted in an economic benefit" and that

Case No.:  5:18-cv-05119-EJD
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT

United States District Court
Northern District of California

1    Defendant interfered with that relationship by "disseminating negative information" about the

2    property.  SAC ¶ 63; *see also* SAC ¶50 (Defendant's "actions . . . were directly disruptive" of his

3    contractual relationship with McClure).  The SAC does not describe the nature of the negative

4    information, except to state that it was included in "negative public reports."  *Id.* ¶¶ 63, 67.

5         "The elements which a plaintiff must plead to state the cause of action for intentional

6    interference with contractual relations are (1) a valid contract between plaintiff and a third party;

7    (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a

8    breach or disruption of the contractual relationship; (4) actual breach or disruption of the

9    contractual relationship; and (5) resulting damage."  *Pacific Gas & Electric Co. v. Bear Stearns &*

10   *Co.*, 50 Cal.3d 1118, 1126 (1990).  "The tort of interference with prospective economic advantage

11   protects the same interest in stable economic relationships as does the tort of interference with

12   contract, though interference with prospective advantage does not require proof of a legally

13   binding contract."  *Id.*

14        Here, Plaintiff's conclusory allegations are insufficient to support a claim for interference

15   with prospective economic relations.  The SAC fails to set forth any facts to show that there was a

16   contract between Plaintiff and McClure; that Defendant induced breach or disruption of that

17   contract; that Defendant actually breached or disrupted that contract; and that Defendant caused

18   damages.  Plaintiff's allegation that Defendant disseminated "negative public reports" also lacks

19   any factual basis.  Furthermore, if the alleged "negative public reports" to which Plaintiff refers in

20   the SAC are default or foreclosure notices, Defendant's dissemination of such notices is

21   privileged.  *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 333 (2008) (holding that California

22   Civil Code "section 2924 deems the statutorily required mailing, publication, and delivery of

23   notices in nonjudicial foreclosure, and the performance of statutory nonjudicial foreclosure

24   procedures, to be privileged communications under the qualified common-interest privilege of

25   section 47, subdivision (c)(1).")

26              **6.      Ninth Claim - "Reliance Damages (Breach Of Contract)"**

27        In the ninth claim, Plaintiff repeats many of his previous allegation, none of which support

28   Case No.: 5:18-cv-05119-EJD
     ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT
     11

a legally viable claim for reasons already discussed.  The only new allegations included in the ninth claim are that the entity who filed the answer in this case is "Wells Fargo Bank Southwest"; that this entity is not the original lender; and therefore, this entity has no right "to challenge PLAINTIFF or be part of this lawsuit."  SAC ¶ 74.  This is inaccurate.  All of the filings in this case have been submitted by Defendant Wells Fargo Bank, N.A., not "Wells Fargo Bank Southwest."  Wells Fargo Bank, N.A. is identified as the "Lender" in the 2006 Agreement as well as the 2007 Revised Loan and is named as a defendant in every iteration of Plaintiff's complaints. Wells Fargo Bank, N.A., is the successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB.  *See* Notice of Removal (Dkt. No. 1), Certification and Notice of Interested Parties (Dkt. No. 6).

## IV.    CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss is GRANTED.  The dismissal is without leave to amend because Plaintiff has had three opportunities to allege legally viable claims and has failed to do so and any further amendments are likely to be futile.


**IT IS SO ORDERED.**

Dated: June 12, 2020

_____
EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California